**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

---

**BENYAMIN MENAHEM HARBI,**
**SHMUEL HAIM CHADAD,**
**ISRAEL MAIDANCHICK,**
**OZ LOCK,**
**OFER AHARON,**
**HAIM AHARON,**
**MORDECHAI YSHARY,**                                    **Case No.**
**ANTON SHOR,**                                          **JURY DEMANDED**
**DORON AVITAN,**
**HAIM NOACH KOTT,**
**AVIHU HADAD,**
**AVTANDIL ZUHBAIA,**
**ROEI BUCHBUT,**
**MIRIAM FRIEDMAN,**
**SARIT POLLAK, and**
**IDAN YECHEZKEL,**

     **Plaintiffs,**

**v.**

**DAVID SHALTS,**
**770 INVESTMENTS LLC,**
**DAYAN ABRAHAM,**
**GLOBAL ONE FUNDING CORPORATION,**
**1030 POPLAR AVENUE LLC, and**
**SHARESTATES INTERCAP LINE, LLC,**

     **Defendants.**

---

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

---

Plaintiffs Benyamin Menaham Harbi, Shmuel Haim Chadad, Israel Maidanchik, Oz Lock,

Ofer Aharon, Haim Aharon, Mordechai Yshary, Anton Shor, Doron Avitan, Haim Noach Kott,

Avihu Hadad, Avtandi Zuhbaia, Roei Buchbut, Miriam Friedman, Sarit Pollak, Idan Yechezkel

file this Verified Complaint for Injunctive Relief and Damages against Defendants David Shalts,

1

770 Investments LLC, Dayan Abraham, Global One Funding Corporation, 1030 Poplar Avenue LLC, and Sharestates Intercap Line, LLC. For cause of action, Plaintiffs state as follows:

**INTRODUCTION**

1.     This is a securities fraud action. Plaintiffs – all of whom are citizens and residents of Israel – are the victims of a fraudulent investment scheme committed by Defendants David Shalts and Dayan Abraham and the entities they own and/or control. Defendant Shalts made false representations to Plaintiffs to induce them to invest in a commercial real estate purchase and redevelopment venture in Memphis, Tennessee. After taking Plaintiffs' money, however, Shalts conspired with Abraham to purchase the subject property and cut Plaintiffs out of the deal. Consequently, Shalts and Abraham created a company, 1030 Poplar Avenue LLC, to purchase the real property at issue. Shalts and Abraham then made numerous demands for the Plaintiffs to pay additional sums of money to recover ownership interests in the property, or else Shalts and/or Abraham will sell or transfer the property to third parties. Moreover, Shalts and Abraham mortgaged the property with Sharestates Intercap Line, LLC and have now apparently defaulted on the loan, and Sharestates Intercap Line is threatening to foreclose.

2.     Accordingly, Plaintiffs file this lawsuit seeking injunctive relief to prevent the sale, transfer, or foreclosure of the property pending resolution of the case. Plaintiffs also bring damages claims against Defendants and seek equitable relief from the Court to declare Plaintiffs' ownership of the property at issue.

**PARTIES**

3.     Plaintiffs Benyamin Menahem Harbi, Shmuel Haim Chadad, Israel Maidanchik, Oz Lock, Ofer Aharon, Haim Aharon, Mordechai Yshary, Anton Shor, Doron Avitan, Haim Noach

Kott, Avihu Hadad, Avtandi Zuhbaia, Roei Buchbut, Miriam Friedman, Sarit Pollak, Idan Yechezkel are each adult citizens of Israel.

4.      Defendant David Shalts is an adult citizen of Israel. He uses the following address to conduct business in the United States: 2875 NE 191st, Suite 601, Aventura, FL 33180.

5.      770 Investments LLC is a limited liability company formed in Florida and registered to transact business in Tennessee. 770 Investments LLC's principal office is located at 2875 NE 191st, Suite 601, Aventura, FL 33180. It may be served with process through its registered agent: Shelley Rothman, 6489 N. Quail Hollow Road, Suite 100, Memphis, TN 38120. 770 Investments is (and at all relevant times was) owned, controlled, and dominated by Defendant David Shalts.

6.      Defendant Dayan Abraham is an adult citizen of Florida. Upon information and belief, he resides at 1393 SW 17th Ave., Boynton Beach, Florida 33426.

7.      Defendant Global One Funding Corporation is Florida corporation with its principal place of business located at 1313 Boynton Beach Blvd., 273, Boynton Beach, Florida 33426. It may be served with process through its registered agent: LegalCorp Solutions, LLC, 3440 W. Hollywood Blvd., Suite 415, Hollywood, Florida 33021. Global One Funding Corporation is (and at all relevant times was) owned, controlled, and dominated by Defendant Dayan Abraham.

8.      Defendant 1030 Poplar Avenue LLC is a limited liability company formed in Delaware with its principal place of business located at 1313 W. Boynton Beach Blvd., Boynton Beach, Florida 33426. 1030 Poplar Avenue LLC is registered to transact business in Tennessee. It may be served with process through its registered agent: Griffin, Clift, Everton & Maschmeyer, PLLC, 6489 N. Quail Hollow Road, Suite 100, Memphis, Tennessee 38120. Defendant 1030

3

Poplar Avenue LLC is (and at all relevant times was) owned, controlled, and dominated by Defendant Dayan Abraham and/or Defendant David Shalts.

9.      Defendant Sharestates Intercap Line, LLC is a limited liability company formed in Delaware with its principal place of business located at 11 Middle Neck Road, Suite 314, Great Neck, New York 11021. It may be served with process through its registered agent: A Registered Agent, 8 The Green, Suite A, Dover, Delaware 19901.

## JURISDICTION & VENUE

10.     This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, namely Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder by the United States Security and Exchange Commission (the "SEC"), 17 C.F.R. § 240.10b-5.

11.     This Court may also exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because Plaintiffs' state law claims are so related to their federal law claim that they form part of the same case or controversy under Article III of the United States Constitution.

12.     This Court may exercise personal jurisdiction over the parties to this action because they conducted business in the State of Tennessee, and the property at issue is located in Shelby County, Tennessee.

13.     Venue is proper in this Court because a substantial part of the events complained of herein occurred in the Western Division of the United States District Court for the Western District of Tennessee, and the real property at issue is located in this judicial district.

## FACTS

14.     In the fall of 2018, Defendant David Shalts began soliciting Plaintiffs to invest in a commercial real estate opportunity in Memphis, Tennessee. Defendant Shalts proposed entering

into a joint venture to purchase and renovate an 84-unit apartment building located at 1030 Poplar Avenue, Memphis, Tennessee 38105 (the "Property").

15.     On or about June 26, 2019, Defendant Shalts transmitted via email to on or more Plaintiff, including without limitation Plaintiff Doron Avitan, a "proposal" for the venture, which stated, *inter alia*, that, "[a]fter 9-12 months the investor will begin to receive rental from the property at a minimum of 10% of the investment value" and that "[a]fter 24 months the investor will receive his money (principle) back and continue to be a partner in the property and receive a return of about 7% . . . ."  A true and accurate copy of the Proposal and a translation thereof is attached hereto as **Exhibit A**.

16.     Defendant Shalts and his company, 770 Investments LLC, entered into joint venture agreements with each of the Plaintiffs individually (collectively, the "JVAs"). True and accurate copies of the JVAs and a translation of a representative JVA are attached hereto as collective **Exhibit B**.

17.     According to the JVAs as well as oral representations made to the Plaintiffs over the telephone and via text message, cellular phone application, and/or email, the name of the parties' "partnership" was to be "1030 Poplar Ave LLC," and the purpose of the partnership was to purchase and renovate the Property. (*See* Exhibit B ¶¶ 2, 3.) Under the JVAs, Defendant Shalts was the "managing partner" of the enterprise. (*Id.* ¶ 14.)

18.     As the JVAs reflect, Defendant Shalts represented to the Plaintiffs that, in exchange for Plaintiffs' investment, he would create a company – 1030 Poplar Ave LLC – to purchase, renovate, and manage the Property and remit profits back to Plaintiffs.

19.     Relying on Defendants Shalts' and 770 Investments LLC's representations, and pursuant to the JVAs, each of the Plaintiffs authorized Defendants Shalts and 770 Investments LLC to invest substantial sums of money. The amount of each Plaintiff's investment varies, but each Plaintiff wired to Defendants Shalts' and/or 770 Investments LLC's U.S. bank account between $25,000 and $171,000 to invest in buying and renovating the Property. In total, the Plaintiffs gave Defendants Shalts and 770 Investments LLC approximately $1 million to purchase and renovate the Property.

20.     For instance, on or about October 22, 2018, Plaintiff Avihu Hadad wired twenty-seven thousand dollars ($27,000.00) to Defendant 770 Investments LLC's U.S. bank account at BB&T Bank's Northern Florida branch located in Tallahassee, Florida.  Each of the Plaintiffs wired money on one or more occasions throughout the fall of 2018 and the spring of 2019.

21.     Defendant Shalts, however, never created 1030 Poplar Ave LLC or purchased the Property on behalf of and for Plaintiffs.

22.     Instead, Defendant Shalts conspired with Defendant Abraham to purchase the Property using, at least in part, Plaintiffs' funds and to defraud Plaintiffs of any ownership interest in the Property.

23.     At all times relevant hereto, Defendant Abraham had knowledge that Plaintiffs had invested significant sums of money in the Property and/or had been led to believe that they were joint venturers in the project.

24.     On or about April 16, 2019, Defendant Abraham and/or Defendant Shalts formed Defendant 1030 Poplar Avenue LLC in Delaware. No Plaintiff received any ownership interest in the entity, nor was any Plaintiff named a member.

25.     Defendant Abraham and/or Defendant Shalts established Defendant 1030 Poplar Avenue LLC's principal office at 1313 Boynton Beach Blvd in Boynton Beach, Florida—the same corporate address as Defendant Abraham's other corporate entity and alter ego, Defendant Global One Funding Corporation.

26.     Defendant 1030 Poplar Avenue LLC's registered agent is the same law firm that serves as the registered agent for Defendant 770 Investments LLC, and, upon information and belief, is the same law firm that represents Defendants Shalts and Abraham in their business dealings in Memphis.

27.     At all times relevant hereto, Defendant 1030 Poplar Avenue LLC was owned, controlled, and dominated by Defendants Abraham and/or Shalts.

28.     Defendant Shalts comingled Plaintiffs' funds with his own and Defendant 770 Investments LLC's funds. Upon information and belief, Defendant Shalts used some of Plaintiffs' funds to pay his own creditors and invest in other ventures without Plaintiffs' knowledge or permission.

29.     In addition, Defendant Shalts, either individually or through Defendant 770 Investments LLC, transferred some of Plaintiffs' funds to Defendant Abraham, his company Defendant Global One Funding Corporation, and/or Defendant 1030 Poplar Avenue LLC.

30.     On or about July 26, 2019, Defendant 1030 Poplar Avenue LLC purchased the Property using, at least in part, the funds Defendant Shalts improperly solicited and received from Plaintiffs.

31.     In addition, Defendant 1030 Poplar Avenue LLC entered into a financing agreement with Defendant Sharestates Intercap Line, LLC, using the Property as collateral for a

loan of $750,000. Consequently, Defendant Sharestates Intercap Line, LLC recorded a UCC Financing Statement for its security interest in the Property.

32.     Despite the fact that Plaintiffs were not made members of Defendant 1030 Poplar Avenue LLC and were granted no ownership interest in the Property, on or about October 31, 2019, Defendant Shalts emailed one or some of the Plaintiffs to "congratulate" them on the purchase of the Property and to update them as to certain aspects of the project.

33.     After using Defendant 1030 Poplar Avenue LLC to purchase the Property, Defendants Abraham and Shalts began demanding that Plaintiffs send them more money in order for Plaintiffs to receive an ownership interest in the Property.

34.     Defendant Abraham has made numerous recent threats to sell or otherwise transfer ownership of the Property if Plaintiffs do not pay him additional sums of money.  For instance, on or about May 17, 2020, Defendant Abraham threatened via email to either "unload this building" or give it "back to the lender" by a "drop dead date" of May 22, 2020.  Thereafter, on or about May 21, 2020, Defendant Abraham again threatened via text message to "give Lender back building" unless he is "pa[id] what is owed."  A copy of these communications are attached hereto as collective **Exhibit C**.

35.     Moreover, upon information and belief, Defendants Abraham, Shalts, and 1030 Poplar Avenue LLC have defaulted on 1030 Poplar Avenue LLC's repayment obligations to Defendant Sharestates Intercap Line, LLC, and, as a result, Defendant Sharestates Intercap Line, LLC is threatening to foreclose on the Property.

36.     Approximately one million dollars ($1,000,000) of Plaintiffs' money is missing. To date, Plaintiffs have received no explanation as to precisely what was done with the funds they wired to Defendants Shalts and 770 Investments LLC.

## CAUSES OF ACTION

### Count I – Violation of Securities Exchange Act Section 10(b)
### (Against Defendants Shalts and 770 Investments LLC)

37.     Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

38.     In connection with the sale of a security, Defendants Shalts and 770 Investments LLC employed a scheme or artifice to defraud Plaintiffs, made misleading or untrue statements of material fact, omitted material facts necessary to make statements not misleading, and/or engaged in acts, practices, or courses of business which would operate as a fraud or deceit upon Plaintiffs.

39.     Defendants made misleading or untrue statements to induce Plaintiffs to invest in a fraudulent investment scheme, purportedly for the purchase, renovation, and management of the Property.

40.     Defendants Shalts and 770 Investments LLC used means and/or instrumentalities of interstate commerce, or of the mails, to perpetrate its fraudulent investment scheme.

41.     Through the JVAs and other statements and correspondence, Defendants Shalts and 770 Investments LLC misrepresented to Plaintiffs that they would use Plaintiffs' investment money to create 1030 Poplar Avenue LLC; that they would name Plaintiffs as members of the entity; that they would use Plaintiffs' investment money to purchase, renovate, and manage the Property; and that they would remit profits from the Property and joint venture to Plaintiffs.

42.     These representations were false, as Defendants Shalts and 770 Investments LLC instead converted Plaintiffs' money for their own purposes and uses. Defendants Shalts and 770 Investments LLC also conspired with Defendant Abraham to establish 1030 Poplar Avenue LLC and purchase the Property without Plaintiffs.

43.     These representations were made with an intent to deceive, manipulate, or defraud Plaintiffs, in violation of the securities laws of the United States, including without limitation, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5..

44.     Plaintiffs relied on Defendants Shalts's and 770 Investements LLC's material misrepresentations when they made the decision to invest in the Property.

45.     Plaintiffs have suffered economic loss in an amount to be determined at trial, but in any case approximately one million dollars ($1,000,000.00), as a result of Defendants' fraudulent investment scheme.

46.     A direct causal connection exists between the material misrepresentations of Defendants and Plaintiffs' losses, as Plaintiffs would have never authorized Defendants Shalts and 770 Investments LLC's to use their money absent Defendants' deliberate efforts to deceive Plaintiffs as to the nature of the investment scheme.

### Count II – Intentional Misrepresentation/Fraud
### (against Defendants Shalts and 770 Investments LLC).

47.     Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

48.     As evidenced by the joint venture agreements attached hereto as collective Exhibit A, Defendants Shalts and 770 Investments LLC represented to Plaintiffs that they would use Plaintiffs' investment money to create 1030 Poplar Avenue LLC with Plaintiffs as members of the entity; that they would use Plaintiffs' investment money to purchase, renovate, and manage the property; and that they would remit profits from the Property and joint venture to Plaintiffs.

49.     Defendants Shalts and 770 Investments LLC knew these representations were false at the time they made them to Plaintiffs.

50.     Defendants Shalts and 770 Investments LLC made these false representations knowingly and to induce Plaintiffs to give Defendants money.

51.     Plaintiffs did not know Defendants' representations were false, and they reasonably relied on the representations in giving money to Defendants Shalts and 770 Investments LLC.

52.     Plaintiffs have been damaged by Defendants Shalts' and 770 Investments LLC's fraudulent representations in an amount to be determined at trial, but in any case approximately one million dollars ($1,000,000.00).

### Count III - Aiding and Abetting (against Defendants Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC).

53.     Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

54.     Defendants Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC knew of Defendants Shalts' and 770 Investments LLC's fraud and wrongful conduct against Plaintiffs as set forth above.

55.     Defendants Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC gave substantial assistance to Defendants Shalts and 770 Investments LLC in their fraudulent and wrongful acts by assisting in creating 1030 Poplar Avenue LLC and purchasing the Property.

56.     Plaintiffs have been damaged by Defendants' wrongful and unlawful aiding and abetting in an amount to be determined at trial, but in any case approximately one million dollars ($1,000,000.00).

### Count IV – Conversion/Theft
### (against Defendants Shalts, 770 Investments LLC, Abraham, Global One Funding Corporation, 1030 Poplar Avenue LLC).

57.     Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

58.     Defendants Shalts, 770 Investments LLC, Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC unlawfully appropriated Plaintiffs' funds for their own use and to the exclusion and in defiance of Plaintiffs' rights.

59.     Plaintiffs' have damaged by Defendants' unlawful conversion/theft in an amount to be determined at trial, but in any case approximately one million dollars ($1,000,000.00).

### Count V – Conspiracy
**(against Defendants Shalts, 770 Investments LLC, Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC).**

60.     Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

61.     Defendants Shalts, 770 Investments LLC, Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC conspired to defraud Plaintiffs.

62.     Defendants knowingly and collectively entered into an unlawful scheme by which they unlawfully converted Plaintiffs' money and used Plaintiffs' money for their own purposes, including to purchase the Property without Plaintiffs receiving any ownership interest in the Property.

63.     Defendants Shalts, 770 Investments LLC, Abraham, and Global One Funding Corporation knew Plaintiffs gave their money in order to acquire an interest in 1030 Poplar Avenue LLC and the Property.

64.     However, Defendants Shalts, 770 Investments LLC, Abraham, and Global One Funding Corporation established 1030 Poplar Avenue LLC without registering Plaintiffs as members of the company and had the newly formed company purchase the Property.

65.     Defendants Shalts, 770 Investments LLC, Abraham, and Global One Funding Corporation then used Plaintiffs' funds for Defendants' own benefit.

66.     Plaintiffs have been damaged by Defendants conspiracy and unlawful acts in an amount to be determined at trial, but in any case approximately one million dollars ($1,000,000.00).

**Count VI – Unjust Enrichment**
**(against Defendants Shalts, 770 Investments LLC, Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC).**

67.     Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

68.     Defendants Shalts, 770 Investments LLC, Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC unjustly and wrongly received the benefit of Plaintiffs' funds without benefit to Plaintiffs.

69.     Defendants comingled and used Plaintiffs' funds for their own benefit, including to purchase the Property.

70.     It would be unjust to allow Defendants to keep the funds and/or the Property.

**Count VII – Promissory Estoppel**
**(against Defendants Shalts and 770 Investments LLC).**

71.     Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

72.     Defendants Shalts and 770 Investments LLC made promises to Plaintiffs, namely that Defendants would use Plaintiffs' investment money to create 1030 Poplar Avenue LLC with Plaintiffs as members of the company; that Defendants would use 1030 Poplar Avenue LLC to purchase, renovate, and manage the Property for the benefit of Plaintiffs; and that Defendants would remit profits from the Property to Plaintiffs.

73.     Defendants Shalts and 770 Investments LLC made these promises to induce Plaintiffs to give Defendants money.

74.     Plaintiffs reasonably relied on Defendants Shalts' and 770 Investments LLC's promises to Plaintiffs detriment.

75.     Injustice can only be avoided by enforcement of Defendants' promises.

**Count VIII – Constructive Trust and Tracing**
**(against Defendants Shalts, 770 Investments LLC, Abraham, Global One Funding**
**Corporation, and 1030 Poplar Avenue LLC).**

76.     Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

77.     As set forth above Defendants Shalts, 770 Investments LLC, Abraham, Global One

Funding Corporation, and 1030 Poplar Avenue LLC obtained title to and interest in the Property

by fraud, wrongful acts, unconscionable conduct, and questionable means to the detriment of

Plaintiffs, depriving Plaintiffs from an interest in the Property and defrauding Plaintiffs of their

money.

78.     Accordingly, the Court should impose a constructive trust and/or tracing for the

Property and Plaintiffs' funds.

**Count IX – Breach of Contract**
**(against Defendants Shalts and 770 Investments LLC).**

79.     Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

80.     Pleaded in the alternative, Plaintiffs had enforceable contracts – the JVAs – with

Defendants Shalts and 770 Investments LLC.

81.     As set forth above, Defendants Shalts and 770 Investments LLC have materially

breached the parties' contracts.

82.     Plaintiffs have been damaged as a result of Defendants' breaches in an amount to

be determined at trial, but in any case approximately one million dollars ($1,000,000.00).

**Count X – Tortious Interference with Contract**
**(against Defendants Abraham, Global One Funding Corporation, 1030 Poplar Avenue**
**LLC).**

83.     Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

84.     Plaintiffs and Defendants David Shalts and 770 Investments LLC had contracts to

create 1030 Poplar Avenue LLC and purchase, renovate, and manage the Property.

14

85.     Defendants Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC were aware of and had knowledge of the contracts between Plaintiffs and Defendants Shalts and 770 Investments LLC.

86.     Defendants Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC intended to induce Defendants Shalts and 770 Investments LLC to breach the contracts with Plaintiffs.

87.     Defendants Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC tortious interference was the proximate cause of Defendants Shalts and 770 Investments LLC breaching their contracts with Plaintiffs.

88.     As a direct result of the tortious interference of Defendants Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC, Plaintiffs have been damaged in an amount to be proven at trial, but in any case approximately one million dollars ($1,000,000.00) and should be held liable for treble damages pursuant to Tenn. Code Ann. § 47-50-109.

**Count XI – Tortious Interference with Business Relationships**
**(against Defendants Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC)**

89.     Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

x.     Plaintiffs and Defendants David Shalts and 770 Investments LLC had existing business relationships to create 1030 Poplar Avenue LLC and purchase, renovate, and manage the Property.

90.     Defendants Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC were aware of and had knowledge of the business relationships between Plaintiffs and Defendants Shalts and 770 Investments LLC beyond a mere awareness of their business dealings.

91.     Defendants Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC intended to induce Defendants Shalts and 770 Investments LLC to breach the business relationships with Plaintiffs.

92.     Defendants Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC so acted with intent to injure Plaintiffs by improper means.

93.     Defendants Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC tortious interference was the proximate cause of Defendants Shalts and 770 Investments LLC breaching their business relationships with Plaintiffs.

94.     As a direct result of the tortious interference of Defendants Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC, Plaintiffs have been damaged in an amount to be proven at trial, but in any case approximately one million dollars ($1,000,000.00).

**Count XII – Declaratory Judgment**
**(against All Defendants).**

95.     Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

96.     Based upon the above, Plaintiffs seek a declaration from the Court that Plaintiffs are the rightful owners of the Property.

**Count XIII – Injunctive Relief**
**(against All Defendants).**

97.     Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

98      Plaintiffs' rights are being and will be violated by Defendants, and Plaintiffs will suffer immediate and irreparable injury, loss, or damage for which there is no adequate remedy at law unless Defendants are restrained from selling, transferring, or foreclosing upon the Property until this lawsuit is concluded.

99.     The threatened injury to Plaintiffs substantially outweighs the threatened harm to Defendants that would result from granting Plaintiffs' requested injunctive relief, and the granting of the injunction will not disserve the public interest.

100.    Accordingly, pursuant to Federal Rule of Civil Procedure 65, Plaintiffs request that the Court issue a temporary restraining order restraining Defendants  Shalts, 770 Investments LLC, Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC from selling or otherwise transferring the Property and restraining Sharestates Intercap Line, LLC from foreclosing upon the Property.

101.    In addition, upon notice and hearing, issue a temporary injunction enjoining Defendants Shalts, 770 Investments LLC, Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC from selling or otherwise transferring the Property and restraining Sharestates Intercap Line, LLC from foreclosing upon the Property for the pendency of this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court:

a.      Issue proper service of process for Defendants;

b.      Issue a temporary restraining order restraining Defendants Shalts, 770 Investments LLC, Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC from selling or otherwise transferring the Property and restraining Sharestates Intercap Line, LLC from foreclosing upon the Property;

c.      Upon notice and hearing, issue a preliminary injunction enjoining Defendants Shalts, 770 Investments LLC, Abraham, Global One Funding Corporation, and 1030 Poplar Avenue LLC from selling or otherwise transferring the Property and restraining Sharestates Intercap Line, LLC from foreclosing upon the Property for the pendency of this lawsuit;

      d.      Award Plaintiffs ownership of the Property;

      e.      Award Plaintiffs compensatory damages in an amount to be determined at trial;

      f.      Award Plaintiffs punitive damages in an amount to be determined at trial;

      g.      Award Plaintiffs reasonable attorneys' fees and costs;

      h.      Provide such further relief, both general and specific, that the Court deems just and proper.

THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS CAUSE.

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC


 /s/ Nathan A. Bicks           
Nathan A. Bicks (#10903)
Charles Silvestri Higgins (#30184)
William D. Irvine Jr. (#35193)
130 N. Court Ave.
Memphis, TN 38103
(901) 524-5000
nbicks@bpjlaw.com
chiggins@bpjlaw.com
wirvine@bpjlaw.com

*Attorneys for Plaintiffs*

## VERIFICATION

I, Doron Avitan, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    I am a Plaintiff to the foregoing Verified Complaint for Injunctive Relief and Damages.

2.    I have personal knowledge of the facts set forth in the foregoing Verified Complaint for Injunctive Relief and Damages, and I verify under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.

3.    If called on to testify, I would competently testify to the matters stated herein.

Executed on _MAY  21___, 2020.

_____

Doron Avitan